# Exhibit A

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA**

**GENERAL JURISDICTION DIVISION**

ANTONIO PASTOR

Plaintiff,

v.

CASE NO.

BANK OF AMERICA
a Nationally Chartered U.S. Bank,

Defendant,
_____/

## COMPLAINT

Plaintiff, **ANTONIO PASTOR** (hereinafter "ANTONIO"), sues Defendant **BANK OF AMERICA.** (Hereinafter the "Bank"). In support of his Complaint, Plaintiff alleges as follows:

### INTRODUCTION

1. This is an action for damages in excess of $30,000.00 for Negligence and Breach of fiduciary duty.

### JURISDICTION AND VENUE

2. This court has jurisdiction over Defendant because Defendant engaged in wrongful acts in Miami Dad County, Florida. Venue for this action lies in Miami Dade County, Florida because the acts and/or omissions that give rise to the cause of action occurred in Miami Dade County, Florida. Moreover, Defendant's Miami branch, which is at the center of this litigation, is located at 701 Brickell Ave, Miami, FL 33131.

## PARTIES

3. Plaintiff, Antonio Pastor, is a foreign citizen from Venezuela.

4. Defendant, Bank of America, is a chartered U.S. bank, authorized and existing under the laws of a state other than the State of Florida, authorized to do business in the State of Florida.

## GENERAL ALLEGATIONS

5. On or about March 2022, Plaintiff received communication from Bank of America.

6. Bank of America told Plaintiff that they were closing Plaintiff's account which contained Plaintiff's entire life savings.

7. Defendant gave no valid reasons as to the closure of Plaintiff's account

8. Plaintiff's lifesaving account was effectively closed by the Defendant.

9. After closing the account, Defendant sent a check to a wrong address in Venezuela and told Plaintiff to wait 120 days for receiving his life savings.

10. Plaintiff never received any checks from Defendant.

11. After 120 days, Defendant stated to Plaintiff that a check was already disbursed.

12. Plaintiff did not receive any money or any checks from his life savings.

13. Defendant ignored Plaintiff's inquiry regarding this issue of mailing a check to a wrong address.

14. Plaintiff was thus forced to hire undersigned law firm and to pay reasonable attorney's fees and costs.

## COUNT I
## NEGLIGENCE

15. Plaintiff hereby readopts and realleges paragraphs 1 through 14 as though fully set forth herein.

16. Defendant owes a duty to any foreseeable Plaintiffs.

17. Furthermore, Defendant owes a duty of care to its customers.

18. Plaintiff was Defendant's costumer because Defendant was in possession and control and maintain Plaintiff's life savings account.

19. Defendant owed the Plaintiff a duty of care to safeguard, manage, monitor, maintain, supervise and control Plaintiff's life's savings account.

20. The Defendant breached its duty of care to the Plaintiff in one or more of the following particulars:

    (a). Closed the account without Plaintiff's consent; and

    (b). Sent a check containing Plaintiff's life savings to a wrong address in Venezuela.

21. Defendant's negligence posed an unreasonable and foreseeable risk of harm to the Plaintiff.

22. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff suffered the loss of his entire life savings and sustained damages in an amount within the jurisdictional limits of this Court. The losses are either permanent or continuing and Plaintiff will sustain losses in the future.

**WHEREFORE** Plaintiff demands judgment for damages against Defendant including compensatory damages, prejudgment interest, costs and attorneys' fees and any other relief this

4000 Ponce de León Blvd, Suite 470
Coral Gables, FL 33146

Tel: +1 305.777-0377
Fax: +1 305.777.0449

www.CuetoLawGroup.com
www.InternationalBusinessLawAdvisor.com

Court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY

23. Plaintiff readopts and re-alleges the allegations contained in Paragraphs 1 through 14.

24. Plaintiff pleads Breach of Fiduciary duty as an alternative against Defendant.

25. Defendant was at all times in possession and control of Plaintiff's life savings 'account, and is sued herein for breach of fiduciary duty as well as for damages as a direct result of its negligent actions of sending a check to a wrong address in Venezuela.

26. Since Plaintiff was Defendant's costumer and Defendant was in possession and control of Plaintiff's life savings, Defendant owes a fiduciary duty of care to Plaintiff.

27. Without warning or notifying Plaintiff, Defendant decided to close Plaintiff's account.

28. Upon closing Plaintiff's account, Defendant sent a check to a wrong address in Venezuela.

29. As a result of Defendant's breach, Plaintiff has suffered damages resulting in the loss of his entire life savings.

**WHEREFORE** Plaintiff demands judgment for damages against Defendant including compensatory damages, prejudgment interest, costs and attorneys' fees and any other relief this Court deems just and proper.

Respectfully submitted,
CUETO LAW GROUP P.L.
Attorneys for Plaintiff
4000 Ponce de Leon Blvd., Suite 470
Coral Gables, Florida 33146
Tel.:   (305) 777-0377
Fax:   (305) 777-0449

4000 Ponce de León Blvd, Suite 470
Coral Gables, FL 33146
Tel: +1 305.777.0377
Fax: +1 305.777.0449
www.CuetoLawGroup.com
www.InternationalBusinessLawAdvisor.com

By: s/ Davy Karkason
DAVY A. KARKASON, ESQ.,
Florida Bar No.: 1031867

4000 Ponce de León Blvd, Suite 470
Coral Gables, FL 33146

Tel: +1 305.777-0377
Fax: +1 305.777.0449

www.CuetoLawGroup.com
www.InternationalBusinessLawAdvisor.com