# Composite
# Exhibit B



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us  My Account  

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

### ANTONIO PASTOR VS BANK OF AMERICA

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2022-017995-CA-01 | **Filing Date:** | 09/17/2022 |
| **State Case Number:** | 132022CA017995000001 | **Judicial Section:** | CA08 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Contract & Indebtedness |
| **Case Status:** | OPEN | | |

## ☰ Related Cases

Total Of Related Cases: 0  ▬

| Case Number | Filing Date | Case Type |
|---|---|---|

## 👥 Parties

Total Of Parties: 2  ▬

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Pastor, Antonio | **B#:  (Bar Number)**162566 **N:  (Attorney Name)**Santiago A Cueto | |
| Defendant | Bank of America | | |

## 🔧 Hearing Details

Total Of Hearings: 0  ▬

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

## 🔊 Dockets

Total Of Dockets: 9  ▬

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 10 | 12/07/2022 | | Notice of Answer to Interrogatories | Event | |
| 📄 | 8 | 11/14/2022 | | Order Extending Time for | Event | **GRANTED.** |
| 📄 | 9 | 11/11/2022 | | Motion for Extension of Time | Event | |
| 📄 | 7 | 10/14/2022 | | Notice of Interrogatory | Event | **DEFENDANT'S** |
| 📄 | 6 | 10/14/2022 | | Motion to Dismiss | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 5 | 10/12/2022 | | Notice of Appearance | Event | |
| | 4 | 09/21/2022 | | Receipt: | Event | RECEIPT#:3070048 AMT PAID:$401.00 NAME:SANTIAGO A CUETO 4000 PONCE DE LEON BLVD STE 470 CORAL GABLES FL 33146-1432 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:09/21/2022 REGISTER#:307 CASHIER:EFILINGUSER |
| 📄 | 2 | 09/17/2022 | | Complaint | Event | |
| 📄 | 1 | 09/17/2022 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2022 Clerk of the Courts. All rights reserved.



**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Antonio Pastor</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>Bank of America</u>
 Defendant

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>2</u>

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Santiago Cueto</u>        Fla. Bar # <u>162566</u>
      Attorney or party                (Bar # if attorney)

<u>Santiago Cueto    </u>        <u>09/17/2022</u>
 (type or print name)           Date

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

### GENERAL JURISDICTION DIVISION

ANTONIO PASTOR                                          **CASE NO.**

Plaintiff,

v.

BANK OF AMERICA
a Nationally Chartered U.S. Bank,

 Defendant,

_____/

### COMPLAINT

Plaintiff, **ANTONIO PASTOR** (hereinafter "ANTONIO"), sues Defendant **BANK OF AMERICA.** (Hereinafter the "Bank"). In support of his Complaint, Plaintiff alleges as follows:

### INTRODUCTION

1. This is an action for damages in excess of $30,000.00 for Negligence and Breach of fiduciary duty.

### JURISDICTION AND VENUE

2. This court has jurisdiction over Defendant because Defendant engaged in wrongful acts in Miami Dad County, Florida. Venue for this action lies in Miami Dade County, Florida because the acts and/or omissions that give rise to the cause of action occurred in Miami Dade County, Florida. Moreover, Defendant's Miami branch, which is at the center of this litigation, is located at 701 Brickell Ave, Miami, FL 33131.

## PARTIES

3.  Plaintiff, Antonio Pastor, is a foreign citizen from Venezuela.

4.  Defendant, Bank of America, is a chartered U.S. bank, authorized and existing under the laws of a state other than the State of Florida, authorized to do business in the State of Florida.

## GENERAL ALLEGATIONS

5.  On or about March 2022, Plaintiff received communication from Bank of America.

6.  Bank of America told Plaintiff that they were closing Plaintiff's account which contained Plaintiff's entire life savings.

7.  Defendant gave no valid reasons as to the closure of Plaintiff's account

8.  Plaintiff's lifesaving account was effectively closed by the Defendant.

9.  After closing the account, Defendant sent a check to a wrong address in Venezuela and told Plaintiff to wait 120 days for receiving his life savings.

10. Plaintiff never received any checks from Defendant.

11. After 120 days, Defendant stated to Plaintiff that a check was already disbursed.

12. Plaintiff did not receive any money or any checks from his life savings.

13. Defendant ignored Plaintiff's inquiry regarding this issue of mailing a check to a wrong address.

14. Plaintiff was thus forced to hire undersigned law firm and to pay reasonable attorney's fees and costs.

## COUNT I
## <u>NEGLIGENCE</u>

15. Plaintiff hereby readopts and realleges paragraphs 1 through 14 as though fully set forth herein.

16. Defendant owes a duty to any foreseeable Plaintiffs.

17. Furthermore, Defendant owes a duty of care to its customers.

18. Plaintiff was Defendant's costumer because Defendant was in possession and control and maintain Plaintiff's life savings account.

19. Defendant owed the Plaintiff a duty of care to safeguard, manage, monitor, maintain, supervise and control Plaintiff's life's savings account.

20. The Defendant breached its duty of care to the Plaintiff in one or more of the following particulars:

> (a). Closed the account without Plaintiff's consent; and

> (b). Sent a check containing Plaintiff's life savings to a wrong address in Venezuela.

21. Defendant's negligence posed an unreasonable and foreseeable risk of harm to the Plaintiff.

22. As a direct and proximate result of the negligence and carelessness of Defendant, Plaintiff suffered the loss of his entire life savings and sustained damages in an amount within the jurisdictional limits of this Court. The losses are either permanent or continuing and Plaintiff will sustain losses in the future.

**WHEREFORE** Plaintiff demands judgment for damages against Defendant including compensatory damages, prejudgment interest, costs and attorneys' fees and any other relief this

Court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY

23. Plaintiff readopts and re-alleges the allegations contained in Paragraphs 1 through 14.

24. Plaintiff pleads Breach of Fiduciary duty as an alternative against Defendant.

25. Defendant was at all times in possession and control of Plaintiff's life savings 'account, and is sued herein for breach of fiduciary duty as well as for damages as a direct result of its negligent actions of sending a check to a wrong address in Venezuela.

26.  Since Plaintiff was Defendant's costumer and Defendant was in possession and control of Plaintiff's life savings, Defendant owes a fiduciary duty of care to Plaintiff.

27. Without warning or notifying Plaintiff, Defendant decided to close Plaintiff's account.

28. Upon closing Plaintiff's account, Defendant sent a check to a wrong address in Venezuela.

29. As a result of Defendant's breach, Plaintiff has suffered damages resulting in the loss of his entire life savings.


**WHEREFORE** Plaintiff demands judgment for damages against Defendant including compensatory damages, prejudgment interest, costs and attorneys' fees and any other relief this Court deems just and proper.

<div style="margin-left:40%">

Respectfully submitted,
CUETO LAW GROUP P.L.
Attorneys for Plaintiff
4000 Ponce de León Blvd., Suite 470
Coral Gables, Florida 33146
Tel.:   (305) 777-0377
Fax:   (305) 777-0449

</div>

By: s/ Davy Karkason
DAVY A. KARKASON, ESQ.,
Florida Bar No.: 1031867

4000 Ponce de León Blvd, Suite 470
Coral Gables, FL 33146

Tel:  +1 305.777-0377
Fax: +1 305.777.0449

www.CuetoLawGroup.com
www.InternationalBusinessLawAdvisor.com

Filing # 159059796 E-Filed 10/12/2022 10:55:02 AM

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
## CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANTONIO PASTOR,                                    CASE NO.: 2022-017995-CA-01

       Plaintiff,

vs.

BANK OF AMERICA, N.A.

       Defendant.

_____/

## NOTICE OF APPEARANCE AS COUNSEL AND
## REQUEST FOR SERVICE OF PAPERS

**PLEASE TAKE NOTICE** that the law firm LIEBLER, GONZALEZ & PORTUONDO,

hereby enters its appearance as counsel for Defendant, BANK OF AMERICA, N.A., in these

proceedings. All parties are requested to take notice of the appearance of undersigned counsel and

to serve all copies of any and all motions, orders, pleadings, papers, reports, and/or documents of

any kind or nature upon the undersigned counsel.

           Respectfully submitted,

           LIEBLER, GONZALEZ & PORTUONDO
           *Attorneys for Bank of America, N.A.,*
           Courthouse Tower - 25th Floor
           44 West Flagler Street
           Miami, FL 33130
           (305) 379-0400
           service@lgplaw.com

         By: */s/ Jessica F. Carroll*_____
           MARC T. PARRINO
           Florida Bar No. 0018197
           JESSICA F. CARROLL
           Florida Bar No. 124634

CASE NO.: 2022-017995-CA-01

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of October, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal and a true and correct copy of the foregoing has been furnished via U.S. Mail to: **Davy A. Karkason, Esquire,** *Counsel for Plaintiff,* CUETO LAW GROUP P.L., 4000Ponce de Leon Blvd., Suite 470, Coral Gables, Florida 33146 (dk@cuetolawgroup.com).

/s/   *Jessica F. Carroll*
JESSICA F. CARROLL

Filing # 159272843 E-Filed 10/14/2022 02:42:28 PM

IN THE CIRCUIT COURT OF THE 11ᵀᴴ JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANTONIO PASTOR,                                    CASE NO.: 2022-017995-CA-01

          Plaintiff,

vs.

BANK OF AMERICA, N.A.

          Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant, Bank of America, N.A. (hereafter "BANA"), by and through undersigned counsel and pursuant to Florida Rules of Civil Procedure 1.110(b) and 1.140(b), respectfully moves to dismiss the Complaint filed by Plaintiff, Antonio Pastor ("Plaintiff"). In support thereof, BANA states as follows:

### I.    SUMMARY OF FACTUAL ALLEGATIONS

The Complaint alleges that in March of 2022, Plaintiff received communication from BANA, informing Plaintiff that BANA would be closing Plaintiff's account. Compl. ¶¶ 5-6. Plaintiff alleges BANA did not give Plaintiff a reason for the closure. *Id.* at ¶ 7.  Plaintiff further alleges that BANA sent the check to an incorrect address in Venezuela and therefore, Plaintiff did not receive the check. *Id.* at ¶¶ 9-12. Plaintiff contends that he was ultimately advised that the check had "already disbursed" and that he did not receive any of the proceeds.  *Id.* at ¶¶ 11-12.

Plaintiff is suing BANA for negligence, asserting that BANA closed the account without Plaintiff's consent and sent the check containing the balance of the account to the incorrect address, as grounds for this claim. *Id.* at ¶ 20. Further, Plaintiff is suing BANA for breach of fiduciary duty,

CASE NO.: 2022-017995-CA-01

claiming that because BANA was in possession and control of Plaintiff's life savings, Defendant owes a fiduciary duty of care to Plaintiff. *Id.* at ¶ 26.

## II.  <u>STANDARD OF REVIEW</u>

A complaint must set forth "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief."  Fla. R. Civ. P. 1.110(b).  A motion to dismiss tests the legal sufficiency of a complaint.  *Fla. Bar v. Greene*, 926 So. 2d 1195, 1199 (Fla. 2006).  While a court is required to take a complaint's allegations as true, vague and conclusory statements are insufficient to state a cause of action.  *Jordan v. Nienhuis*, 203 So. 3d 974, 976 (Fla. 5th DCA 2016).

## III.  <u>ARGUMENT</u>

### A.  **Plaintiff's Negligence ("Count I") Claim and Breach of Fiduciary Duty ("Count II") Against BANA are Barred by the Independent Tort Doctrine.**

Plaintiff's negligence claim and breach of fiduciary duty claim are barred by the independent tort doctrine, since Plaintiff's account at BANA is governed by a contract, as are all bank accounts.  Florida law restricts the remedies available to parties who have specifically negotiated for those remedies provided for in a contract. It is well-established that the existence of a bank account establishes a contractual relationship between the bank and the depositor. *McCrory Stores, Corp. v. Tunnicliffe*, 104 Fla. 683, 687 (Fla. 1932); *MJZ Corp. v. Gulfstream First Bank & Trust, N.A.*, 420 So. 2d 396, 397 (Fla. 4th DCA 1982).  Thus, any duty owed by BANA with respect to the Plaintiff's account derives from the contract between the parties, and tort claims cannot be sustained, as a matter of law, unless Plaintiff can establish an independent basis for the claim. Specifically, Florida law requires that:

> When the parties are in privity, contract principles are generally more appropriate for determining remedies for consequential damages that the parties have, or could have, addressed through their contractual agreement. Accordingly, courts have held

CASE NO.: 2022-017995-CA-01

that **a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract**.

[e.s.]  *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.,* 110 So. 3d 399, 402 (Fla. 2013) (internal citations omitted).

In *Tiara,* the Florida Supreme Court examined Florida jurisprudence involving "the economic loss rule," a different doctrine designed to limit recovery for economic losses in products liability cases.   *Id.* While the Court in *Tiara* receded from prior rulings extending the scope of the economic loss rule to cases not involving products liability, the Court's "conclusion that the economic loss rule is limited to the products liability context does not undermine Florida's contract law or provide for an expansion in viable tort claims." *Id.* at 408 (Pariente, J. concurring).   As explained by Justice Pariente in a concurring opinion joined by Justice Labarga (author of the majority opinion), "[b]asic common law principles…restrict the remedies available to parties who have specifically negotiated for those remedies… For example, in order to bring a valid tort claim, a party still must demonstrate that all of the required elements for the cause of action are satisfied, including that **the tort is independent of any breach of contract claim**.**"** [e.s.] *Id.*   In other words, when a claimant styles a count as a tort claim but is clearly seeking damages for breach of contractual duties, the tort claim is barred by the independent tort doctrine.   A plaintiff bringing both a breach of contract and a tort claim, must allege additional conduct amounting to a tort that is independent of the breach of contract. *Bedoyan v. Samra*, 2022 WL 4587419 at *3 (Fla. 3d DCA 2022); *See also Kaye v. Ingenio, Filiale de Loto-Quebec*, 2014 WL 2215770 at *4 (S.D. Fla. May 29, 2014) ("to set forth a claim in tort between parties in contractual privity, a party must allege action beyond and independent of breach of contract that amounts to an independent tort."); Accordingly, Counts I and II   of the Complaint must be dismissed.

CASE NO.: 2022-017995-CA-01

### B. Count I of the Complaint Fails to State a Cause of Action for Negligence Against BANA.

The Complaint fails to establish an independent basis for a negligence claim. A party must allege sufficient facts to support each element of a cause of action. *Okeelanta Power Ltd. Partnership v. Florida Power & Light Co.*, 766 So. 2d 264, 267 (Fla. 4th DCA 2000). The elements of negligence are: (1) a duty to the plaintiff; (2) the defendant's breach of that duty; (3) injury to the plaintiff arising from the defendant's breach; and (4) damage caused by the injury to the plaintiff as a result of the defendant's breach of duty. *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011). "Certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate fact is legally insufficient." *Cady v. Chevy Chase Sav. & Loan, Inc.,* 528 So. 2d 136, 138 (Fla. Dist. Ct. App. 1988) (citing to *Bliss v. Carmona,* 418 So.2d 1017, 1019 (Fla. 3d DCA 1982); 40 Fla.Jur.2d *Pleadings* §§ 28, 33 (1982)). A plaintiff cannot state a claim for relief based on negligence without first showing that the defendant owed plaintiff a duty. *See Fla. Dep't of Corr. v. Abril*, 969 So. 2d 201, 204 (Fla. 2007). The existence of a duty is a question of law for the court to decide. *See id*.

Plaintiff's negligence claim fails to allege the source of the duty relied upon by Plaintiff. To be clear, BANA does not deny that the *contract* governing the parties' relationship sets forth a series of rights and duties. However, Plaintiff fails to refer to any provision of the parties' contract, or to attach that contract, and Plaintiff does not allege the source of any other duty in support of its negligence claim.

CASE NO.: 2022-017995-CA-01

### C. Count II of the Complaint Fails to State a Cause of Action for Breach of Fiduciary Duty Against BANA.

To establish a claim for breach of fiduciary duty, a plaintiff must show "'the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages.'" *Jaffe v. Bank of Am., N.A.*, 667 F. Supp. 2d 1299, 1319 (S.D. Fla. 2009) (quoting *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002)).   Under Florida law, "the relationship between a bank and its borrower is that of debtor to creditor, in which the parties engage in arms-length transactions, and the bank owes no fiduciary responsibilities." *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d DCA 1994).   In *Jaffe v. Bank of Am. N.A.*, 667 F. Supp. 2d 1299 (S.D. Fla. 2009), the court dismissed the plaintiff's claim for breach of fiduciary duty against the defendant-bank based upon the general principle that, "[u]nder Florida law, it is clear that a lender does not ordinarily owe fiduciary duties to its borrower" absent "circumstances exceeding an ordinary commercial transaction."   *Id.* at 1319 (citing *Motorcity of Jacksonville, Ltd. v. Se. Bank, N.A.*, 83 F.3d 1317, 1339 (11th Cir. 1996) (other citations omitted)).   "One may not unilaterally impose a fiduciary relationship on a lender without a conscious assumption of such duties by the lender to be held liable as a fiduciary." *Jaffe*, 667 F. Supp. 2d at 1319 (citations omitted).   An exception to this general principle will lie where:

> a **bank becomes involved in a transaction with a customer with whom it has established a relationship of trust and confidence**, and it is a **transaction which the bank is likely to benefit at the customer's expense**, the bank may be found to have assumed a duty to disclose facts material to the transaction, peculiarly within its knowledge, and not otherwise available to the customer.

*Carpenter v. Cmty. Bank*, 71 So. 2d 65, 67 (Fla. 3d DCA 1998) (quoting *Barnett Bank of W. Fla. v. Hooper*, 498 So. 2d 923, 925 (Fla. 1986) (emphasis added)).

Here, the relationship between the parties was *not* one of trust and confidence, but rather was an arms-length relationship between debtor and creditor.   Plaintiff's attempt to assert a claim

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25ᵗʰ Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: 2022-017995-CA-01

for breach of fiduciary duty is no more than a unilateral imposition of a fiduciary duty upon BANA without any sort of conscious assumption of the same by BANA. *See Jaffe*, 667 F. Supp. 2d at 1319 (citations omitted). As Plaintiff has failed to allege facts which, if true, would demonstrate the existence of a fiduciary duty or any "circumstances exceeding an ordinary commercial transaction," this claim should be dismissed. *See id.*

WHEREFORE, Defendant Bank of America, N.A. respectfully requests that the Court enter an Order dismissing the Complaint, and granting any further relief deemed necessary and just.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Bank of America, N.A.,*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: /s/ *Marc T. Parrino*
MARC T. PARRINO
Florida Bar No. 0018197
JESSICA F. CARROLL
Florida Bar No. 124634

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of October, 2022, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Douglas Santiago Cueto, Esq.** and **Davy A. Karkason, Esq.,** *Counsel for Plaintiff,* CUETO LAW GROUP P.L., 4000 Ponce de Leon Blvd., Suite 470, Coral Gables, Florida 33146 (sc@cuetolawgroup.com; cuetolawgroup@gmail.com; smedina@cuetolawgroup.com)

/s/   *Marc T. Parrino*
MARC T. PARRINO

Filing # 159274833 E-Filed 10/14/2022 02:55:35 PM

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
## CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ANTONIO PASTOR,                                    CASE NO.: 2022-017995-CA-01

      Plaintiff,

vs.

BANK OF AMERICA, N.A.

      Defendant.

_____/

### DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF SERVICE
### OF FIRST SET OF INTERROGATORIES TO PLAINTIFF

COMES NOW, Defendant, BANK OF AMERICA, N.A. ("BANA"), pursuant to the

Florida Rules of Civil Procedure, hereby propounds its Notice of Service of First Set of

Interrogatories on this 14th day of October, 2022, to Plaintiff, ANTONIO PASTOR, to be answered

under oath.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Bank of America, N.A.,*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: /s/*Marc T. Parrino* _____
       MARC T. PARRINO
       Florida Bar No. 0018197
       JESSICA F. CARROLL
       Florida Bar No. 124634

CASE NO.: 2022-017995-CA-01

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished via email on 14th of October, 2022, to: **Douglas Santiago Cueto, Esq.** and **Davy A. Karkason, Esq.,** *Counsel for Plaintiff,* CUETO LAW GROUP P.L., 4000 Ponce de Leon Blvd., Suite 470, Coral Gables, Florida 33146 (sc@cuetolawgroup.com; cuetolawgroup@gmail.com; smedina@cuetolawgroup.com; dk@cuetolawgroup.com).

/s/ *Marc T. Parrino*
MARC T. PARRINO

Filing # 161072573 E-Filed 11/11/2022 10:50:22 AM

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA**

ANTONIO PASTOR,

v.                                                    CASE NO: 2022-017995-CA-01

BANK OF AMERICA N.A.,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND
TO DEFENDANT'S REQUEST FOR PRODUCTION AND
INTERROGATORIES**

Plaintiff ANTONIO PASTOR, by and through his undersigned attorney, hereby files his

Motion for Extension of Time to Respond to the First Request for Production and First Set of

Interrogatories served by Defendant BANK OF AMERICA, and in support thereof, states as

follows:

1.    Defendant served via email its First Request for Production and Interrogatories to

Plaintiff on October 14th, 2022. Therefore, a response is due by November 14th.

2.    Due to urgent business, counsel's trial schedule, and the need to collect and organize

the necessary documentation to properly respond to Defendant's request, Plaintiff

requests an additional twenty (20) days to respond to the discovery requests.

3.    This Motion for Extension of Time is made in good faith and not for the purposes of

delay. No party will be prejudiced by the enlargement of time requested herein.

4.    Plaintiff certifies that a bona fide effort to narrow the issues on this motion has been

made with opposing counsel or that because of time considerations such effort has not yet been made but will be made prior to scheduling a hearing.

WHEREFORE, Plaintiff respectfully asks this Court to move for entry of an Order granting an enlargement of twenty (20) days to respond to Defendant's Discovery requests.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 11th, 2022, a true and correct copy of the foregoing has been furnished by electronic mail to all counsel of record via the State of Florida's e-filing portal.

Respectfully submitted,

CUETO LAW GROUP P.L.
Attorneys for Plaintiff
4000 Ponce de Leon Blvd., Suite 470
Coral Gables, Florida 33146
Tel.: (305) 777-0377
Fax: (305) 777-0449
Email: sc@cuetolawgroup.com
By: /s/ Santiago A. Cueto
SANTIAGO A. CUETO ESQ.
Florida Bar No.: 0162566

Filing # 161072573 E-Filed 11/11/2022 10:50:22 AM

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA**

ANTONIO PASTOR,

v.                                                    CASE NO: 2022-017995-CA-01

BANK OF AMERICA N.A.,

     Defendants.

_____/

**<u>PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND
TO DEFENDANT'S REQUEST FOR PRODUCTION AND
INTERROGATORIES</u>**

Plaintiff ANTONIO PASTOR, by and through his undersigned attorney, hereby files his

Motion for Extension of Time to Respond to the First Request for Production and First Set of

Interrogatories served by Defendant BANK OF AMERICA, and in support thereof, states as

follows:

1.     Defendant served via email its First Request for Production and Interrogatories to

Plaintiff on October 14th, 2022. Therefore, a response is due by November 14th.

2.     Due to urgent business, counsel's trial schedule, and the need to collect and organize

the necessary documentation to properly respond to Defendant's request, Plaintiff

requests an additional twenty (20) days to respond to the discovery requests.

3.     This Motion for Extension of Time is made in good faith and not for the purposes of

delay. No party will be prejudiced by the enlargement of time requested herein.

4.     Plaintiff certifies that a bona fide effort to narrow the issues on this motion has been

made with opposing counsel or that because of time considerations such effort has not yet been made but will be made prior to scheduling a hearing.

WHEREFORE, Plaintiff respectfully asks this Court to move for entry of an Order granting an enlargement of twenty (20) days to respond to Defendant's Discovery requests.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 11th, 2022, a true and correct copy of the foregoing has been furnished by electronic mail to all counsel of record via the State of Florida's e-filing portal.

Respectfully submitted,

CUETO LAW GROUP P.L.
Attorneys for Plaintiff
4000 Ponce de Leon Blvd., Suite 470
Coral Gables, Florida 33146
Tel.: (305) 777-0377
Fax: (305) 777-0449
Email: sc@cuetolawgroup.com
By: /s/ Santiago A. Cueto
SANTIAGO A. CUETO ESQ.
Florida Bar No.: 0162566

Filing # 162602702 E-Filed 12/07/2022 04:53:59 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**GENERAL JURISDICTION DIVISION**

ANTONIO PASTOR,                                    **CASE NO.** 2021-017995-CA-01

  Plaintiff,

    v.

BANK OF AMERICA N.A.

  Defendant.
_____/

**NOTICE OF SERVING PLAINTIFF'S UNVERIFIED**
**ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND**
**REQUEST FOR PRODUCTIONS.**

 Plaintiff, ANTONIO PASTOR, by and through his undersigned counsel, pursuant to Rule

1.340 of the Florida Rules of Civil Procedure, hereby gives Notice of Serving its unverified

Answers to Defendant's First Set of Interrogatories and his answers to First Request for Production

on December 6th.

**CERTIFICATE OF SERVICE**

 **I HEREBY CERTIFY** that on this 7th day of July 2022, a true and correct copy of the

foregoing has been furnished by electronic mail to all counsel of record.

        CUETO LAW GROUP P.L.
        Attorneys for Plaintiff
        4000 Ponce de Leon Blvd., Suite 470
        Coral Gables, Florida 33146
        Tel.: (305) 777-0377
        Fax: (305) 777-0449
        Email:  sc@cuetolawgroup.com
        By:  /s/ Santiago A. Cueto
        SANTIAGO A. CUETO, ESQ.
        Florida Bar No.: 0162566

Santiago A. Cueto, Esq.
Cueto Law Group, P.L.
4000 Ponce de León Blvd., Suite 470 Coral
Gables, FL 33146

Tel:  +1 (305) 777.0377
Fax: +1 (305) 777.0449

www.CuetoLawGroup.com
SC@CuetoLawGroup.com