United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Antonio Pastor, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-24121-Civ-Scola |
| | ) | |
| Bank of America, N.A., Defendant. | ) | |
| | ) | |

## Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction

This matter is before the Court upon an independent review of the record. "As federal courts, we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress," and "we are bound to assure ourselves of jurisdiction even if the parties fail to raise the issue." *Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998). In addition, "a jurisdictional defect cannot be waived by the parties and may be raised at any point during litigation." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005). On December 20, 2022, Defendant Bank of America, N.A. ("BANA") filed a notice of removal purporting to remove the instant case from Florida state court to federal court. (Rem. Notice, ECF No. 1.) The notice of removal alleges subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. (*Id.* ¶¶ 4–6.) For the reasons stated below, it is unclear whether the Court has subject matter jurisdiction.

28 U.S.C. § 1332, entitled "Diversity of citizenship; amount in controversy; costs," provides, in relevant part,

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

. . .

28 U.S.C.A. § 1332(a). "[I]t is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); s*ee Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (the removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove).

A national banking association like BANA (indicated by the designator N.A.) is a citizen, for diversity purposes, of "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). The notice of removal alleges that BANA has its principal place of business in North Carolina. (Rem. Notice ¶ 5, ECF No. 1.) However, BANA's principal place of business is not necessarily the same as its main office, and therefore that allegation is insufficient for purposes of determining diversity jurisdiction. *See, e.g.*, *PNC Bank, N.A. v. Brothers*, No. 21-cv-24229-COOKE/DAMIAN, 2022 U.S. Dist. LEXIS 155115, at *12 (S.D. Fla. Aug. 29, 2022), *report and recommendation adopted*, 2022 U.S. Dist. LEXIS 179246, at *1 (S.D. Fla. Sep. 29, 2022) (Cooke, J.) ("PNC does not allege the State designated in its articles of association as its main office. Therefore, PNC has not sufficiently pled its citizenship."). The Court notes that this is not the first time BANA has been alerted to the fact that merely pleading its principal place of business is insufficient for purposes of establishing diversity jurisdiction. *See Rivera v. Bank of Am., N.A.*, No. 8:17-cv-2636-T-36JSS, 2017 U.S. Dist. LEXIS 188793, at *2 (M.D. Fla. Nov. 15, 2017) (requiring BANA to list its main office as designated in its articles of association so that the court can determine if complete diversity exists).

Further, BANA incorrectly relies on 28 U.S.C. § 1332(a)(1) to claim diversity of citizenship between it and the Plaintiff Antonio Pastor ("Pastor"). (Rem. Notice ¶ 4, ECF No. 1.) Per the notice of removal, Pastor is a "foreign citizen from Venezuela." (*Id.* ¶ 6.) Therefore the applicable statutory provision is § 1332(a)(2), as it provides for diversity jurisdiction where an action is between "citizens of a State," here presumably BANA, and "citizens or subjects of a foreign state," here Pastor. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (quoting § 1332(a)(2) to explain that "[a]lienage jurisdiction is a form of diversity jurisdiction under which federal courts may hear cases between 'citizens of a State and citizens or subjects of a foreign state'"). For present purposes, the importance of this distinction lies in the second half of § 1332(a)(2), which proscribes diversity jurisdiction when the "action [is] between citizens of a State and citizens or subjects of a foreign state *who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.*" (emphasis added.) The notice of removal fails to address Pastor's status in the United States. Thus, the possibility exists that Pastor is a lawful permanent resident of the United States domiciled in the same State in which BANA has its main office, in which case diversity would be destroyed.

Accordingly, it is hereby **ordered** that by February 28, 2023, BANA shall **show cause** why this matter should not be dismissed for lack of subject matter jurisdiction. Failure to respond within the time provided will result in the dismissal of this case without further notice.

**Done and ordered** in Miami, Florida, on February 14, 2023.

Robert N. Scola, Jr.
United States District Judge