United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Antonio Pastor, Plaintiff, ⟩ | |
| ⟩ | |
| v. ⟩ | Civil Action No. 22-24121-Civ-Scola |
| ⟩ | |
| Bank of America, N.A., Defendant. ⟩ | |

## Order on Motion to Dismiss

This matter is before the Court on the Defendant Bank of America, N.A.'s ("BANA") amended motion to dismiss the Plaintiff Antonio Pastor's complaint under Federal Rule of Civil Procedure 12(b)(6). (Mot., ECF No. 4.) Pastor has responded to the motion, and BANA has replied. (Resp., ECF No. 11; Reply, ECF No. 17.) Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **grants** the motion. (**Mot., ECF No. 4**.)

### 1. Background[1]

Pastor, a foreign citizen from Venezuela, was the owner of an account with BANA that contained his entire life savings. (Compl. ¶ 6, ECF No. 19-1.) Sometime around March 2022, Pastor received a communication from BANA informing him that his account was being closed. (*Id.* ¶¶ 5–6.) BANA proceeded to close Pastor's account and sent Pastor a check for the funds contained therein. (*Id.* ¶¶ 8–9.) However, Pastor never received the check from BANA. (*Id.* ¶¶ 10, 12.)  After waiting about four months for the check to arrive, as instructed by BANA, Pastor contacted BANA to inform it that the check must have been sent to a wrong address in Venezuela. (*Id.* ¶¶ 9, 11, 13.) However, BANA ignored Pastor, simply informing him that the check had been disbursed. (*Id.* ¶ 13.)

Based on the foregoing, Pastor filed suit against BANA in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging claims for negligence and breach of fiduciary duty. On December 20, 2022, BANA removed the action to this Court based on diversity jurisdiction. (ECF Nos. 1, 18-20.)

---

[1] This background is based on the allegations in Pastor's complaint. For the purposes of evaluating BANA's motion, the Court accepts Pastor's factual allegations as true and construes the allegations in the light most favorable to him per Federal Rule of Civil Procedure 12(b)(6).

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Discussion

BANA argues that Pastor's negligence and breach of fiduciary claims are barred by Florida's independent tort doctrine and that Pastor fails to allege the existence of a duty in support of either claim. The Court agrees.

Florida's "independent tort doctrine bars recovery in tort for actions that challenge a breach of contract[.]" *Stepakoff v. IberiaBank Corp.*, No. 22-cv-20286-BLOOM/Otazo-Reyes, 2022 U.S. Dist. LEXIS 197827, at *13-14 (S.D. Fla. Oct. 31, 2022) (Bloom, J.) (quoting *Perez v. Scottsdale Ins. Co.*, 19-cv-22346-GAYLES, 2020 U.S. Dist. LEXIS 21192, 2020 WL 607145, at * 2 (S.D. Fla. Feb. 7, 2020) (Gayles, J.)). In other words, the doctrine prohibits a claimant from "repackag[ing] [ ] breach of contract claims as independent actions in tort." *Id.* (quoting *Dorvil v. Nationstar Mortg. LLC*, 17-cv-23193-MARTINEZ, 2019 U.S. Dist. LEXIS 52175, 2019 WL 1992932, at *17 (S.D. Fla. Mar. 26, 2019) (Martinez, J.)); *see also Spears v. SHK Consulting & Dev., Inc.*, 338 F. Supp. 3d 1272, 1279 (M.D. Fla. 2018) ("District courts in Florida have thus held that it is well settled that a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims." (cleaned up)). "Therefore, to set forth a claim in tort between parties in contractual privity, a party must allege action beyond and independent of breach of contract that amounts to an independent tort." *Kaye v. Ingenio, Filiale De Loto-Quebec, Inc.*, No. 13-61687-CIV-ROSENBAUM/HUNT, 2014 U.S. Dist. LEXIS 73180, at *11-14 (S.D. Fla. May 29, 2014) (Rosenbaum, J.) (dismissing plaintiff's fraudulent

inducement claim because it was "precisely the same as a potential breach-of-contract claim").

Here, it is impossible to separate Pastor's negligence and breach of fiduciary duty claims from his underlying contractual relationship with BANA. In his negligence count, Pastor alleges that BANA owed him a duty of care as a "customer" and that BANA owed him "a duty of care to safeguard, manage, monitor, maintain, supervise and control [his] life's savings account." (Compl. ¶¶ 18–19, ECF No. 19-1.) Pastor also alleges that BANA breached its duty by "clos[ing] the account without [his] consent" and "sen[ding] a check . . . to the wrong address." (*Id.* ¶ 20.) Similarly, in his breach of fiduciary duty count, Pastor alleges that because he "was [BANA's] costumer and [BANA] was in possession and control of [his] life savings, [BANA] owes [him] a fiduciary duty of care." (*Id.* ¶¶ 25–26.) However, it is well settled that, under Florida law, "[t]he relationship between a bank and the holder of a deposit account is contractual." *Carl v. Republic Sec. Bank*, 282 F. Supp. 2d 1358, 1365 (S.D. Fla. 2003) (Hurley, J.) (citing *MJZ Corp. v. Gulfstream First Bank & Trust, N.A.*, 420 So.2d 396, 397 (Fla. 4th DCA 1981)); *see also, e.g., Megaval Enters.., Ltd v. Bank of Am., N.A.*, No. 14-20909-CIV-WILLIAMS, 2014 U.S. Dist. LEXIS 200652, at *11 (S.D. Fla. Oct. 7, 2014) (Williams, J.) ("[T]he relationship between a bank and a customer is 'created and defined' by the contractual arrangements entered into when an account is opened."). Thus, because Pastor's claims are inextricably dependent on the duties he was owed as a customer and owner of an account with BANA, he has failed to allege that BANA "committed [a] breach of duty independent of a breach of its contractual obligations." *See Reagan Wireless Corp. v. Apto Sols., Inc.*, No. 18-cv-61147, 2018 U.S. Dist. LEXIS 173177, at *7 (S.D. Fla. Oct. 5, 2018) (Bloom, J.) (quoting *Freeman v. Sharpe Res. Corp.*, 2013 U.S. Dist. LEXIS 72288, 2013 WL 2151723, at *8 (M.D. Fla. May 16, 2013)).

In his response in opposition to BANA's motion to dismiss, Pastor counters that his claims are not based on contract because "the moment that [BANA] closed the account and decided to send Mr. Pastor's lifelong savings in a cashier's check to an address of record, the contractual relationship between [the parties] ended." (Resp. 3, ECF No. 11.) Thus, he reasons, "once the account was closed, as pled in the Complaint, a common law duty arose between [BANA] and its former customer[.]" (*Id.* at 4.) However, Pastor fails to further define the post-contractual common law duty upon which his claims purportedly depend, and, indeed, he provides no case law in support of the existence of such a duty. More importantly, his arguments are directly contradicted by the allegations in his complaint, which unambiguously state

that he was owed a duty of care *because* he was a customer of and the owner of an account with BANA. (*See generally* Compl. ¶¶ 15–29, ECF No. 19-1.)

Finally, Pastor also fails to independently allege that BANA owed him a fiduciary duty. "To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Jaffe v. Bank of Am., N.A.*, 667 F. Supp. 2d 1299, 1319 (S.D. Fla. 2009) (quoting *Watkins v. NCNB Nat'l Bank, N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993)). "Among other things, there must be 'circumstances exceeding an ordinary commercial transaction.'" *Id.* (quoting *Motorcity of Jacksonville, Ltd. v. Se. Bank N.A.*, 83 F.3d 1317, 1339 (11th Cir. 1996)). Pastor's complaint does not allege any circumstances that could be construed to support the existence of anything other than an ordinary, arms-length relationship between him and BANA. Furthermore, Pastor does not specifically address the existence of a fiduciary relationship in his response in opposition to BANA's motion to dismiss.

### 4. Conclusion

Accordingly, for the reasons stated above, the Court **grants** BANA's motion to dismiss the complaint (**Mot., ECF No. 4**), thus dismissing Pastor's case **with prejudice**.

Additionally, the Court dismisses Pastor's complaint **without leave to amend**. Pastor has not requested leave to amend; nor has he indicated any inclination to do so. *See Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend."); *compare with Carter v. HSBC Mortg. Services, Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) ("A pro se plaintiff, however, *must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice, at least where a more carefully drafted complaint might state a claim.") (cleaned up) (emphasis in original).

Finally, the Clerk is directed to **close** this case.

**Done and ordered** in Miami, Florida, on March 27, 2023.

Robert N. Scola, Jr.
United States District Judge